UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLIVIA LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.,<br><br>    Defendant. | Case No. 3:19-mc-80267-EJD<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF**<br><br>Re: Dkt. No. 1 |

Plaintiff Olivia Lopez seeks to compel Defendant Credit One Bank to pay fees and costs associated with Plaintiff's arbitration appeal. Defendant argues, in opposition, that this is improper as the Parties' Arbitration Agreement does not provide for this. The Court agrees;[1] while the Agreement provides for initial arbitration, it expressly limits appellate review of an arbitration ruling to courts. Accordingly, Plaintiff's motion for injunctive relief is **DENIED**.

**I.    BACKGROUND**

    **A.  Factual Background**

Plaintiff applied for a credit card with Credit One Bank on or around August 9, 2017. Declaration of Tuan V. Uong ("Uong Decl."), Ex. A at 1, Dkt. 6-1. In July 2017, before Plaintiff applied for the credit card, Defendant updated its Cardholder Agreement and removed a provision that allowed any party to "appeal the award [of the single arbitrator] by requesting in writing a

---

[1] The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The hearing set for January 23, 2020 is VACATED.

Case No.: 3:19-mc-80267-EJD
ORDER DENYING PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF
1

1  new arbitration before a panel of three neutral arbitrators." Dkt. 1 at ECF 22. Defendant's 2017

2  Cardholder Agreement states: "An award will be enforceable as provided by the FAA or other

3  applicable law by any court having jurisdiction and shall be subject to judicial review only as

4  provided in the FAA." *Id.* at ECF 76. Defendant mailed Plaintiff her credit card along with a

5  copy of the 2017 Cardholder Agreement. Uong Decl., Ex. A at 2. Plaintiff accepted the terms of

6  the Agreement by using the card. *Id.*

7  On November 9, 2018, Plaintiff filed an arbitration demand before the American

8  Arbitration Association ("AAA") alleging that Defendant violated the Telephone Consumer

9  Protection Act ("TCPA"). Dkt. 1, Ex. A at ECF 11. Defendant moved to dismiss Plaintiff's

10 claim. *Id.* at ECF 30. The Arbitrator issued a Final Order granting Defendant's dispositive

11 motion to dismiss Plaintiff's claim. *Id.* at ECF 82.

12 Thereafter, Plaintiff appealed the arbitrator's order though the AAA. Defendant objected

13 to this on the grounds that the 2017 Cardholder Agreement only permits judicial review and does

14 not require the parties to participate in an AAA appeal.

### B. Procedural History

On October 28, 2019, Plaintiff filed a Petition for Injunctive Relief against Defendant seeking an order from this Court to compel Defendant to pay costs related to Plaintiff's AAA appeal. Olivia Lopez's Petition for Injunctive Relief ("Mot."), Dkt. 1. On November 21, 2019, Defendant filed an opposition to Plaintiff's motion for injunctive relief. Defendant Credit One Bank, N.A.'s Response ("Opp."), Dkt. 5. Plaintiff filed her reply on December 19, 2019. Olivia Lopez's Reply Brief ("Reply"), Dkt. 14.

## II. DISCUSSION[2]

In cases of private arbitration, the scope of the arbitration is a "matter of agreement

---

[2] Defendant seeks attorney fees and costs associated with defending against Plaintiff's motion to compel. Opp. at 7. Defendant failed to provide this Court with any documentation outlining its request for fees and costs. Indeed, Defendant did not even specify how much it seeks in costs. This contradicts the requirement that a "[t]he party seeking an award of fees must submit evidence supporting the hours worked and the rate claimed." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Accordingly, Defendant's request for fees and costs is **DENIED.**

ORDER DENYING PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF
2

United States District Court
Northern District of California

between the parties." *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 8 (1992). The "powers of an arbitrator are limited and circumscribed by the agreement." *Application of O'Malley*, 48 Cal. 2d 107, 110 (1957). An arbitrator's "inherent authority stems from the scope of the arbitration agreement between the parties. The determination of whether an issue is arbitrable also rests on the scope of the arbitration agreement between the parties." *INSCO Ltd. v. Meadows Indem. Co., Ltd.*, 1993 WL 328376, at *3 (C.D. Cal. 1993).

Because the scope of the Parties' arbitration agreement governs the arbitrator's authority, the first issue this Court must decide is whether the Parties' Cardholder Agreement allows Plaintiff to initiate an AAA appeal.[3] While the 2014 Cardholder Agreement may have allowed an AAA appeal, the 2017 Agreement plainly does not permit such an appeal. It states that an arbitration award "*shall* be subject to judicial review only as provided in the FAA." Dkt. 1 at ECF 76 (emphasis added). The term "shall" "has long been considered mandatory under California's contract interpretation rules." *Segal v. Silberstein*, 67 Cal. Rptr. 3d 426, 431 (Ct. App. 2007); *see also Blue Cross of N. Cal. v. Cory*, 120 Cal. App. 3d 723, 734 (1981) ("A contractual obligation defined by the imperative auxiliary 'shall' is ordinarily understood to be mandatory and unconditional."). Read with this in mind, the provision effectively states that an arbitration award may only be reviewed by a court. Granting Plaintiff's motion to compel would force Defendant to participate in the appellate arbitration process, thereby rendering the provision mandating judicial review meaningless. It would also contradict clear law stating the parties' arbitration agreement covers the scope of arbitration. *Moncharsh*, 3 Cal. 4th at 8. Hence, Plaintiff's position that the

---

[3] There is some dispute between the Parties as to whether the 2014 or 2017 Cardholder Agreement controls. Plaintiff seems to concede in its Reply that the 2017 Agreement applies. *See* Reply at 1–2 (arguing the meaning of the 2017 Agreement). To the extent any dispute remains about which agreement applies, the Court agrees with Defendant that the 2017 Agreement governs. First, Plaintiff applied for and received her credit card after the 2017 Agreement took effect and was mailed a copy of the 2017 Agreement with her card. Second, Plaintiff never argued that the 2014 Agreement applied in the earlier arbitration and thus is estopped from doing so here. *See Bialo v. W. Mut. Ins. Co.*, 95 Cal. App. 4th 68, 73 (2002) ("Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived."). Finally, the arbitrator specifically stated in his report that the 2017 Agreement governed the parties. *See* Dkt. 1 at ECF 78 n.1. Accordingly, the relevant and operative agreement is the 2017 Cardholder Agreement.

Case No.: 3:19-mc-80267-EJD
ORDER DENYING PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF
3

Court should compel Defendant to participate in an AAA appeal is antithetical to California case law and the Parties' Agreement.

In response, Plaintiff argues that the Court may still compel Defendant to participate in the appellate arbitration process because the language in the 2017 Agreement does not preclude her from appealing an arbitration decision to an AAA arbitration panel. Reply at 1–2. Plaintiff misunderstands the issue. Of course if the Parties agreed to participate in appellate arbitration they could and *that* agreement would govern. But, Defendant has not agreed to such arbitration and so the question thus is whether the 2017 Cardholder Agreement compels Defendant to do so. The Agreement does not compel Defendant to participate in such arbitration. As noted, the Agreement only requires the Parties to an initially arbitrate their disputes. Thereafter, the losing party may only seek "judicial review."

Plaintiff argues that this is an unfair result. She contends Defendant must participate in an AAA appeal because it "forces consumers into arbitration." *Id.* at 2. But, Plaintiff overstates the alleged unfairness of the Parties' Agreement. Plaintiff may seek "judicial review" of the arbitrator's decision. Thus it is not as if Plaintiff is entirely foreclosed from the appellate process. Moreover, Plaintiff cites no precedent supporting her view that a court may override an arbitration agreement because it fails to provide for appellate arbitration. Because arbitration is a matter of contract and the Federal Arbitration Act requires courts to honor the parties' expectations, the Court may not unilaterally override such expectations without clear cause. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011). Accordingly, pursuant to the Parties 2017 Cardholder Agreement, Defendant is not required to participate in an AAA appeal and the Court lacks the power to compel it to do so. Thus, Plaintiff's motion to compel is **DENIED.**

Case No.: 3:19-mc-80267-EJD
ORDER DENYING PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF
4

### III. CONCLUSION

For the reasons above, Plaintiff's motion to compel is **DENIED.** Defendant's request for attorney fees and costs is also **DENIED** because Defendant failed to provide this Court with evidence supporting its request for fees. Nothing in this Order should be construed as effecting Plaintiff's right to seek judicial review of the arbitrator's decision pursuant to the Parties' 2017 Cardholder Agreement.

**IT IS SO ORDERED.**

Dated: January 24, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 3:19-mc-80267-EJD
ORDER DENYING PLAINTIFF'S PETITION FOR INJUNCTIVE RELIEF
5